88971/Notice of Removal/TAR/lc

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CAROL DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 18 cv 8264 |
| | ) | |
| ROUNDY'S ILLINOIS, LLC, a foreign | ) | |
| corporation d/b/a MARIANO'S, and | ) | |
| FISNIK KRASNIQI, agent of ROUNDY'S | ) | |
| ILLINOIS, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT

NOW COMES the defendant, ROUNDY'S ILLINOIS, LLC, a foreign corporation d/b/a

MARIANO'S, by and through its attorneys, JOEL D. GROENEWOLD and TARA A. RYNIEC of

KOPKA PINKUS DOLIN PC, pursuant to 28 USC §§ 1332, 1441, and 1446, and hereby submit

their Notice of Removal of this case from the Circuit Court of Cook County to the United States

District Court For the Northern District of Illinois, Eastern Division. In support of this Notice of

Removal, defendants state as follows:

1.      This matter arises out of a slip and fall incident that occurred on September 2,

2017, at the Mariano's store located at 3857 South Martin Luther King Drive, Chicago, Illinois

60653.  See Plaintiff's Complaint, attached as Exhibit A, filed in the Circuit Court of Cook

County, Law Division, under Docket Number 2018 L 012568.

2.      In her Complaint, plaintiff alleges that she suffered "severe and permanent

injuries." (See Exhibit A, Count I, Paragraph 43).  Plaintiff further prays for "an amount more

than $50,000.00 plus costs." (See Exhibit A, plaintiff's Prayer for Relief). The plaintiff alleges

personal injuries as a result of this slip and fall incident.

3. Upon information and belief, plaintiff's counsel has indicated that plaintiffs' injuries involve a severely fractured knee with surgery, and the special damages claimed are well over $80,000.00 ($80k)

4. All that is required for Removal based on Diversity Jurisdiction is a "reasonable probability" that more than $75,000.00 is in controversy. See *Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813, 815 (7th Cir. 2006). The nature of the claim alleged in the Complaint at Law usually makes it simple for a judge to determine whether it is more likely true than not that the amount in controversy exceeds the jurisdictional requirement. See *McCoy v. General Motors Corp.*, 226 F.Supp.2d 939, 941-42 (N.D.Ill. 2002) (the amount in controversy is generally "obvious from a common sense reading of the Complaint").

5. Here, plaintiff has complied with Illinois pleading requirements, which only allow a plaintiff to assert that his/her damages are greater or less than a certain jurisdictional amount. In this case, plaintiff is seeking damages "in excess of $50,000.00" based on claims of permanent disability, permanent pain and suffering, and injury and future damages. (See Exhibit A, Count I, Paragraph 43).

6. Based upon the allegations in plaintiffs' Complaint and the plaintiffs' significant special damages and injuries, there is a reasonable probability that the amount in controversy in this case exceeds $75,000.00, exclusive of interest and costs.

7. Upon information and belief, and based upon plaintiffs Complaint, the plaintiff is a resident and citizen of the state of Illinois at all relevant times, residing at 9809 S. Albany, Evergreen Park, Illinois 60805.

8.     At all times herein mentioned, defendant Roundy's Illinois LLC, a Wisconsin corporation with its principal offices in Milwaukee, Milwaukee County, Wisconsin. (See attached Exhibit B). Defendant, Roundy's Illinois, LLC was served on December 5, 2018. (See attached Exhibit "C").

9.     At all times herein mentioned, defendant, Fisnik Krasniqi, was sued only as agent of Roundy's, a Wisconsin Corporation, and was not named individually in plaintiff's complaint.

10.     Accordingly, for purposes of determining whether Diversity Jurisdiction exits under 28 USC §1332C1, at all relevant times, the plaintiff was a resident and citizen of the state of Illinois and the defendant has not been a resident or citizen of the state of Illinois.

11.     For the foregoing reasons, this is an action wherein the United States District Court for the Northern District of Illinois, Eastern Division, has original jurisdiction, pursuant to 28 USC § 1332, because the matter in controversy exceeds the value of $75,000.00, exclusive of costs and interest, and the plaintiff and defendants are residents and citizens of different states.

12.     Accordingly, Diversity Jurisdiction exists and this lawsuit was properly removed to this Court pursuant to 28 USC §1441 and §1446.

13.     This Notice of Removal was timely filed by the defendants within the timeframe allotted by this Court pursuant to 28 USC § 1446b.

14.     Plaintiffs' counsel has been or will be served with written notice of this Notice of Removal in accordance with the Federal Rules of Civil Procedure

WHEREFORE, the defendant, ROUNDY'S ILLINOIS, LLC, a foreign corporation d/b/a MARIANO'S, pursuant to 28 USC §1441, remove this action from the Circuit Court of Cook County to this Court for further proceedings, and further, for any additional relief that the Court deems just.

3

DEFENDANT DEMAND TRIAL BY JURY.

Respectfully submitted,

ROUNDY'S ILLINOIS, LLC, a foreign corporation
d/b/a MARIANO'S

By: /s/Tara A. Ryniec
                 Attorney for defendant

Tara A. Ryniec, Esq.
KOPKA PINKUS DOLIN PC
200 West Adams Street, Suite 1200
Chicago, Illinois 60606
312-782-9920
Email: taryniec@kopkalaw.com
Attorney No. 6278367

## CERTIFICATE OF SERVICE

I the undersigned, certify that a true and correct copy of the foregoing was either electronically served or mailed by United States mail at 200 West Adams Street, Chicago, Illinois, first class postage fully prepaid, this 17th day of December, 2018, to the following:

Michael R. Grieco, Esq.
Romanucci & Blandin, LLC
321 N. Clark Street, Suite 900
Chicago, IL 60654
Email: mgrieco@rblaw.net

                        /s/ Tara A. Ryniec
                        KOPKA PINKUS DOLIN PC
                        200 West Adams Street, Suite 1200
                        Chicago, Illinois 60606
                        312-782-9920
                        Fax 312-782-9965
                        Email: jdgroenewold@kopkalaw.com
                        Attorney No. 6278367

Subscribed and sworn to before me
this 17th day of December, 2018.

/s/ Leticia Corona
Notary Public

FILED
11/19/2018 5:26 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL

2018L012568

FILED DATE: 11/19/2018 5:26 PM   2018L012568

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

CAROL DAVIS,                              )
                                          )
              Plaintiff,                  )
                                          )
       v.                                 )          No.:
                                          )
ROUNDY'S ILLINOIS, LLC, a Foreign         )          **PLAINTIFF DEMANDS A JURY**
Corporation, d/b/a MARIANO'S, and FISNIK  )          **TRIAL**
KRASNIQI, agent of ROUNDY'S ILLINOIS,     )
LLC.                                      )
                                          )
              Defendants,                 )

### COMPLAINT AT LAW

NOW COMES Plaintiff, CAROL DAVIS, by and through her attorneys, ROMANUCCI

& BLANDIN, LLC, and complaining against Defendants, ROUNDY'S ILLINOIS, LLC, a

Foreign Corporation, d/b/a MARIANO'S, and FISNIK KRASNIQI, agent of ROUNDY'S

ILLINOIS, LLC pleading hypothetically and in the alternative as follows:

### FACTUAL ALLEGATIONS

1.     On and before September 2, 2017 and all relevant times herein, Plaintiff CAROL

DAVIS was a resident of Cook County, Illinois.

2.     On and before September 2, 2017 and all relevant times herein, Defendant

ROUNDY'S ILLINOIS, LLC was a Foreign Corporation with retail grocery stores existing and

doing business within Cook County, Illinois.

3.     On and before September 2, 2017, MARIANO'S (hereinafter "the premises") was

located at 3857 South Martin Luther King Drive, Chicago, Illinois 60653.

4.     On and before September 2, 2017, Defendant FISNIK KRASNIQI was a resident

of Cook County, Illinois.



FILED DATE: 11/19/2018 5:26 PM    2018L012568

5.      On and before September 2, 2017, Defendant FISNIK KRASNIQI was an employee of ROUNDY'S ILLINOIS, LLC.

6.      On and before September 2, 2017, Defendant FISNIK KRASNIQI was the actual agent of ROUNDY'S ILLINOIS, LLC.

7.      On and before September 2, 2017, Defendant FISNIK KRASNIQI was the apparent agent of ROUNDY'S ILLINOIS, LLC.

8.      On and before September 2, 2017, Defendant FISNIK KRASNIQI was the manager of the premises.

9.      Upon information and belief, and at all relevant times, including on or about September 2, 2017 at approximately 11:00 A.M., Defendant, FISNIK KRASNIQI, was within the course and scope of his employment, agency and or servant relationship with the Defendant, ROUNDY'S ILLINOIS, LLC.

10.     On September 2, 2017, at the premises, Defendant, FISNIK KRASNIQI, conducted himself in such a manner as to cause members of the general public, including Plaintiff, CAROL DAVIS and other customers, to believe that he was an employee, agent, and/or servant of the Defendant, ROUNDY'S ILLINOIS, LLC.

11.     On September 2, 2017 and at all relevant times herein, Defendant, ROUNDY'S ILLINOIS, LLC, operated the premises, commonly known as MARIANO'S.

12.     On September 2, 2017 and at all relevant times herein, Defendant, ROUNDY'S ILLINOIS, LLC, managed the premises commonly known as MARIANO'S.

13.     On September 2, 2017 and at all relevant times herein, Defendant, ROUNDY'S ILLINOIS, LLC. maintained the premises commonly known as MARIANO'S.

FILED DATE: 11/19/2018 5:26 PM   2018L012568

14.     On September 2, 2017 and at all relevant times herein, Defendant, ROUNDY'S ILLINOIS, LLC controlled the premises commonly known as MARIANO'S.

15.     On September 2, 2017 and at all relevant times herein, the premises commonly known as MARIANO'S was open for business to the general public.

16.     On September 2, 2017 and at all relevant times herein, there existed a liquid or foreign substance, including but not limited to water, on the floor of the premises commonly known as MARIANO'S near a display of flowers for sale.

17.     On September 2, 2017 and at all relevant times herein, said liquid or foreign substance, including but not limited to water, existed near a display of flowers in a pathway used by customers of the premises commonly known as MARIANO'S.

18.     On September 2, 2017, at the premises commonly known as MARIANO'S, said liquid or foreign substance, including but not limited to water, came to exist on the floor.

19.     On September 2, 2017, an employee, agent and/or servant of Defendant ROUNDY'S ILLINOIS, LLC, did not prevent the liquid or foreign substance, including but not limited to water, from existing on the floor.

20.     On September 2, 2017, an employee, agent and/or servant of Defendant ROUNDY'S ILLINOIS, LLC did not warn customers of the liquid or foreign substance, including but not limited to water, on the floor.

21.     On September 2, 2017, an employee, agent and/or servant of ROUNDY'S ILLINOIS, LLC did not place signs near said liquid or foreign substance, including but not limited to water, on the floor.

FILED DATE: 11/19/2018 5:26 PM    2018L012568

22.     On September 2, 2017, an employee, agent and/or servant of Defendant ROUNDY'S ILLINOIS, LLC, did not place barricades near said liquid or foreign substance, including but not limited to water, on the floor to prevent customers from slipping.

23.     On the morning of September 2, 2017, Plaintiff CAROL DAVIS was a customer at the premises commonly known as MARIANO'S and was walking through aisle near the flower display.

24.     As Plaintiff CAROL DAVIS walked through the aisle of the premises commonly known as MARIANO'S, Plaintiff CAROL DAVIS slipped on the aforementioned liquid or foreign substance, including but not limited to water, on the floor.

25.     As a result of slipping on the aforementioned liquid or foreign substance, including but not limited to water, on the floor, Plaintiff CAROL DAVIS fell and was injured.

### Count I-Negligence
### *CAROL DAVIS v. ROUNDY'S ILLINOIS, LLC, d/b/a MARIANO'S*

26.     Plaintiff CAROL DAVIS re-alleges and incorporates all receding paragraphs herein.

27.     At the aforesaid time and place, and all relevant times herein, Defendant, ROUNDY'S ILLINOIS, LLC, owned, operated, maintained, managed, and/or controlled the premises.

28.     At the aforesaid time and place, and all relevant times herein, Defendant ROUNDY'S ILLINOIS, LLC, was authorized to do business in the state of Illinois and through their representative agents or employees engaged in the operation of a retail business on the premises, which required the presence of business invitees on the premises, including the Plaintiff CAROL DAVIS.

FILED DATE: 11/19/2018 5:26 PM   2018L012568

29.     At the aforesaid time and place, Plaintiff, CAROL DAVIS, was an invitee, lawfully on the premises.

30.     At all relevant times herein, Plaintiff, CAROL DAVIS, was in the exercise of ordinary care for her own safety.

31.     On September 2, 2017 and at the aforementioned location, a liquid or foreign substance, including but not limited to water, was present on the floor of the premises near a display of flowers.

32.     On September 2, 2017 and at the aforementioned location, Defendant, ROUNDY'S ILLINOIS, LLC by and through its employees, agents and/or servants, knew or should have known that the aforementioned debris or foreign substance was present on the floor of their premises.

33.     On September 2, 2017 and at the aforementioned location, Defendant, ROUNDY'S ILLINOIS, LLC, by and through its employees, agents and/or servants, knew or should have known that the aforementioned liquid or foreign substance was present on the floor of their premises and was in the pathway of its invitees.

34.     On September 2, 2017 and at the aforementioned location, Defendant, ROUNDY'S ILLINOIS, LLC by and through its employees, agents and/or servants, despite having knowledge that the aforementioned liquid or foreign substance was present on the floor and in the pathway of its invitees, failed to remove said liquid from the floor.

35.     On September 2, 2017 and at the aforementioned location, Defendant, ROUNDY'S ILLINOIS, LLC by and through its employees, agents and/or servants, despite having knowledge that the aforementioned debris or foreign substance was present on the floor,

5

FILED DATE: 11/19/2018 5:26 PM   2018L012568

failed to warn invitees of the presence of the aforementioned liquid or foreign substance on the floor.

36.     At the time and place aforesaid, Defendant, ROUNDY'S ILLINOIS, LLC had a duty to manage, maintain, and control said premises in such a manner as to avoid injury to invitees lawfully on the premises, including CAROL DAVIS.

37.     At the time and place aforesaid, and at all times relevant hereto, and after receiving the aforementioned notice, Defendant, ROUNDY'S ILLINOIS, LLC, as owner and/or occupier of the premises, had a duty to exercise ordinary care to see that the property was reasonably safe for the use of those lawfully on the property.

38.     At the time and place aforesaid, and at all times relevant hereto, Defendant ROUNDY'S ILLINOIS, LLC as owner and/or occupier of the premises, had a duty to exercise ordinary care to not pose a danger of injury to said invitees, including Plaintiff CAROL DAVIS.

39.     Notwithstanding said duty, Defendant ROUNDY'S ILLINOIS, LLC by and through its agents, employees, and/or servants, committed one or more of the following acts and/or omissions:

    a.  Improperly positioned the floral section next to the check-out aisle of said grocery store;

    b.  Spilled water on the tile floor at the entrance of said grocery store;

    c.  Poured water in a floral display that leaked onto the adjacent flooring;

    d.  Failed to create a policy or procedure that would prevent agents/employees from improperly placing the floral section;

    e.  Failed to safely design layout of said grocery store;

    f.  Failed to appreciate that spilling water on the floor would cause a hazardous condition;

    g.  Failed to call for professional medical assistance following a slip and fall;

FILED DATE: 11/19/2018 5:26 PM    2018L012568

h.  Failed to provide any mats, runners, and/or other non-slip lining next to the floral section at the entrance of said grocery store;

i.  Failed to remove a liquid or foreign substance, including but not limited to water that they knew, or in the exercise of ordinary care, should have known would create a slip hazard to invitees and other persons, including Plaintiff CAROL DAVIS;

j.  Failed to properly warn and/or notify properly warn and/or notify invitees of a dangerous condition present on its pathway when they knew or, in the exercise of ordinary care, should have known that invitees or other persons would not have knowledge of said dangerous condition and knew that there was a liquid or foreign substance, including but not limited to water in said pathway which created a slip hazard for Plaintiff CAROL DAVIS;

k.  Failed to place signs notifying invitees such as Plaintiff, CAROL DAVIS, of the dangerous condition, the water on the floor which was present in her pathway even though they knew or, in the exercise of ordinary care, should have known that invitees or other persons, including Plaintiff, would not have knowledge of said dangerous condition, thereby creating a hazard for Plaintiff; and/or

l.  Failed to instruct employees, agents and contractors to properly and adequately maintain its floors and aisles for use by invitees; and/or

m.  Failed to properly inspect the premises.

40.    At the aforesaid time and place, as a result of one or more of the above acts and/or omissions, Plaintiff, CAROL DAVIS, was caused to fall on the aforementioned liquid or foreign substance, including but not limited to water and suffered significant injuries and resulting damages.

41.    At the aforesaid time and place, Plaintiff, CAROL DAVIS, was seriously injured.

42.    The aforesaid injuries sustained by Plaintiff, CAROL DAVIS, were a direct and proximate result of one or more of the aforesaid acts and/or omissions of the Defendant, ROUNDY'S ILLINOIS, LLC, by and through its duly authorized agents, employees, contractors, and/or servants.

7

FILED DATE: 11/19/2018 5:26 PM   2018L012568

43.     As a further direct and proximate result of one or more of the foregoing acts and/or omissions, Plaintiff, CAROL DAVIS, suffered severe and permanent injuries, both internally and externally; and as a consequence thereof, Plaintiff has suffered and will continue to suffer great pain and mental anguish and loss of a normal life; that in addition thereto, Plaintiff has incurred and will in the future incur reasonable and necessary medical expenses in endearing to treat of said injuries; and that Plaintiff has and will suffer from disability and disfigurement, and has otherwise been damaged in a pecuniary way.

WHEREFORE, the Plaintiff, CAROL DAVIS, asks that a judgment be entered against the Defendant, ROUNDY'S ILLINOIS, LLC, in a fair and just amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) plus costs and any further relief this court deems just.

## Count II-Premises Liability
### *CAROL DAVIS v. ROUNDY'S ILLINOIS, LLC, d/b/a MARIANO'S*

44.     Plaintiff incorporates by reference all preceding paragraphs.

45.     At all times stated herein, it was the duty of the Defendant, ROUNDY'S ILLINOIS, LLC, as owner, occupier and/or manager of the premises, by and through its agents, employees and/or servants, to exercise ordinary care so that the premises were in a reasonably safe condition so as not to cause injury to individuals, including Plaintiff, CAROL DAVIS, lawfully on said premises.

46.     Notwithstanding said duty, on the aforesaid date and at said place, Defendant, ROUNDY'S ILLINOIS, LLC, by and through its duly authorized agents, employees, and/or servants, committed one or more of the following acts and/or omissions:

       a.  Allowed a dangerous condition to exist in the pathway of their store by failing to remove a liquid or foreign substance, including but not limited to water on the floor even though they knew, or in the exercise of ordinary care, should have known that the same created a hazard to invitees and other persons, including Plaintiff, CAROL DAVIS;

8

b. Allowed a dangerous condition to exist by failing to provide a reasonably safe pathway for invitees such as Plaintiff, CAROL DAVIS, by failing to remove the liquid or foreign substance, including but not limited to water, even though they knew or, in the exercise of ordinary care, should have known that invitees and other persons, including Plaintiff, would be using said pathway and knew that it would thereby create a hazard for Plaintiff;

c. Allowed a dangerous condition to exist by failing to properly warn and/or notify invitees such as Plaintiff, CAROL DAVIS, of the dangerous condition, the liquid or foreign substance, including but not limited to water, on the floor which was present in her pathway even though they knew or, in the exercise of ordinary care, should have known that invitees or other persons, including Plaintiff, would not have knowledge of said dangerous condition, thereby creating a hazard for Plaintiff;

d. Allowed a dangerous condition to exist by failing to place signs notifying invitees such as Plaintiff, CAROL DAVIS, of the dangerous condition, the liquid or foreign substance, including but not limited to water on the floor which was present in her pathway even though they knew or, in the exercise of ordinary care, should have known that invitees or other persons, including Plaintiff, would not have knowledge of said dangerous condition, thereby creating a hazard for Plaintiff;

e. Allowed a dangerous condition to exist by failing to place barricades near said liquid or foreign substance, including but not limited to water on the floor to prevent invitees such as Plaintiff, CAROL DAVIS, from slipping on the water which was present in her pathway even though they knew or, in the exercise of ordinary care, should have known that invitees or other persons, including Plaintiff, would not have knowledge of said dangerous condition, thereby creating a hazard for Plaintiff;

f. Failed to provide a safe means of ingress/egress to and from departments in their store, even though they knew or, in the exercise of ordinary care, should have known that invitees or other persons, including Plaintiff, CAROL DAVIS, would be using said pathway to access said departments and knew that there was a liquid or foreign substance, including but not limited to water in said pathway which created a hazard for Plaintiff; and

g. Was otherwise careless and/or negligent.

47. Defendant, ROUNDY'S ILLINOIS, LLC, is vicariously liable for the aforesaid careless and negligent acts and/or omissions of its employee and/or agents in causing said fall and injuries to CAROL DAVIS.

48. As a direct and proximate result of one or more of the foregoing acts and/or omissions, Plaintiff, CAROL DAVIS, was caused to be injured by the liquid or foreign substance,

FILED DATE: 11/19/2018 5:26 PM    2018L012568

9

FILED DATE: 11/19/2018 5:26 PM 2018L012568

including but not limited to water, on the floor, and suffered significant injuries and resulting damages.

49. As a direct and proximate result of one or more of the foregoing acts and/or omissions, Plaintiff, CAROL DAVIS, sustained injuries of a personal and pecuniary nature.

50. As a further direct and proximate result of one or more of the foregoing acts and/or omissions, Plaintiff, CAROL DAVIS, suffered severe and permanent injuries, both internally and externally; and as a consequence thereof, Plaintiff has suffered and will continue to suffer great pain and mental anguish and loss of a normal life; that in addition thereto, Plaintiff has incurred and will in the future incur reasonable and necessary medical expenses in endearing to treat of said injuries; and that Plaintiff has and will suffer from disability and disfigurement, and has otherwise been damaged in a pecuniary way.

WHEREFORE, the Plaintiff, CAROL DAVIS, asks that a judgment be entered against the Defendant, ROUNDY'S ILLINOIS, LLC, in a fair and just amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) plus costs and any further relief this court deems just.

### Count III—Negligence
### *CAROL DAVIS v. FISNIK KRASNIQI, agent of ROUNDY'S ILLINOIS, LLC*

51. Plaintiff incorporates by reference all preceding paragraphs.

52. At all times stated herein, Defendant, FISNIK KRASNIQI was the manager of said premises.

53. At all times stated herein, it was the duty of the Defendant, FISNIK KRASNIQI, to ensure the safety of invitees, including Plaintiff, CAROL DAVIS.

54. At all times stated herein, it was the duty of the Defendant, FISNIK KRASNIQI, to exercise ordinary care so that the premises were in a reasonably safe condition so as not to cause injury to individuals, including Plaintiff, CAROL DAVIS, lawfully on said premises.

FILED DATE: 11/19/2018 5:26 PM    2018L012568

55.     Notwithstanding said duty, on the aforesaid date and at said place, Defendant,

FISNIK KRASNIQI, committed one or more of the following acts and/or omissions:

a.    Improperly positioned the floral section next to the check-out aisle of said grocery store;

b.    Spilled water on the tile floor at the entrance of said grocery store;

c.    Poured water in a floral display that leaked onto the adjacent flooring;

d.    Failed to create a policy or procedure that would prevent agents/employees from improperly placing the floral section;

e.    Failed to safely design layout of said grocery store;

f.    Failed to appreciate that spilling water on the floor would cause a hazardous condition;

g.    Failed to call for professional medical assistance following a slip and fall;

h.    Failed to provide any mats, runners, and/or other non-slip lining next to the floral section at the entrance of said grocery store;

i.    Failed to remove a liquid or foreign substance, including but not limited to water that they knew, or in the exercise of ordinary care, should have known would create a slip hazard to invitees and other persons, including Plaintiff CAROL DAVIS;

j.    Failed to properly warn and/or notify properly warn and/or notify invitees of a dangerous condition present on its pathway when they knew or, in the exercise of ordinary care, should have known that invitees or other persons would not have knowledge of said dangerous condition and knew that there was a liquid or foreign substance, including but not limited to water in said pathway which created a slip hazard for Plaintiff CAROL DAVIS;

k.    Failed to place signs notifying invitees such as Plaintiff, CAROL DAVIS, of the dangerous condition, the water on the floor which was present in her pathway even though they knew or, in the exercise of ordinary care, should have known that invitees or other persons, including Plaintiff, would not have knowledge of said dangerous condition, thereby creating a hazard for Plaintiff; and/or

l.    Failed to instruct employees, agents and contractors to properly and adequately maintain its floors and aisles for use by invitees; and/or

m.    Failed to properly inspect the premises.

FILED DATE: 11/19/2018 5:26 PM    2018L012568

56.     Defendant, ROUNDY'S ILLINOIS, LLC. is vicariously liable for the aforesaid careless and negligent acts and/or omissions of its employee and/or agent, the Defendant, FISNIK KRASNIQI, in causing said fall and injuries to CAROL DAVIS.

57.     As a direct and proximate result of one or more of the foregoing acts and/or omissions, Plaintiff, CAROL DAVIS, was caused to be injured by the liquid or foreign substance, including but not limited to water, on the floor, and suffered significant injuries and resulting damages.

58.     As a direct and proximate result of one or more of the foregoing acts and/or omissions, Plaintiff, CAROL DAVIS, sustained injuries of a personal and pecuniary nature.

59.     As a further direct and proximate result of one or more of the foregoing acts and/or omissions, Plaintiff, CAROL DAVIS, suffered severe and permanent injuries, both internally and externally; and as a consequence thereof, Plaintiff has suffered and will continue to suffer great pain and mental anguish and loss of a normal life; that in addition thereto, Plaintiff has incurred and will in the future incur reasonable and necessary medical expenses in endearing to treat of said injuries; and that Plaintiff has and will suffer from disability and disfigurement, and has otherwise been damaged in a pecuniary way.

WHEREFORE, Plaintiff, CAROL DAVIS, by and through her attorneys, ROMANUCCI & BLANDIN, prays for judgment against Defendant, FISNIK KRASNIQI, agent of ROUNDY'S ILLINOIS, LLC, in a fair and just amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) plus costs and any further relief this court deems just.

Respectfully Submitted,
ROMANUCCI & BLANDIN, LLC

By: _____
              Attorney for the Plaintiff

Vincent J. Arrigo
Michael R. Grieco
**ROMANUCCI & BLANDIN, LLC**
321 N. Clark St.; Ste 900
Chicago, IL 60654
Tel: (312) 458-1000
Fax: (312) 458-1004
Email: mgrieco@rblaw.net
Attorney No.: 35875

13

FILED
11/19/2018 5:26 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2018L012568

FILED DATE: 11/19/2018 5:26 PM   2018L012568

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

CAROL DAVIS,        )
             )
             )
    Plaintiff,      )
             )
  v.          )  No.:
             )
ROUNDY'S ILLINOIS, LLC, a Foreign )  **PLAINTIFF DEMANDS A JURY**
Corporation, d/b/a MARIANO'S, and FISNIK ) **TRIAL**
KRASNIQI, agent of ROUNDY'S ILLINOIS, )
LLC.          )
             )
    Defendants,    )

## JURY DEMAND

The undersigned demands a jury trial.

Respectfully Submitted,
ROMANUCCI & BLANDIN, LLC

By: _____
    Attorney for Plaintiff

Vincent J. Arrigo
Michael R. Grieco
**ROMANUCCI & BLANDIN, LLC**
321 N. Clark Street; Suite 900
Chicago, Illinois 60654
Tel: (312) 458-1000
Email: mgrieco@rblaw.net
ARDC# 35875

## Joel D. Groenewold

| | |
|---|---|
| **From:** | DeBoy, Megan <Megan.DeBoy@sedgwick.com> |
| **Sent:** | Tuesday, December 04, 2018 11:49 AM |
| **To:** | Joel D. Groenewold |
| **Subject:** | RE: Matter #:; 60 - ; Claim #:: |

Thanks Joel.

This matter is involving a lady who slipped and fell in a puddle of water near a flora display at the store. I had this file set to compromise with her and her attorney and had been keeping in touch. Back in May he said that they were working on a demand and he has been unresponsive for the last six months. We have video footage of the incident. It did not appear that she slipped and fell due to water from the floral area but instead due a drink demo. There was an employee setting up with a drink cart with ice right in the area where she slips and falls and it is possible some water had dripped off of it. The customer suffered a fractured knee that required surgery. At one point her attorney was alleging an excess of $80K in medical bills and a possible second surgery to remove hardware. We have no records and bills on file.

As always look forward to working with you,

**Megan DeBoy** | Claims Examiner-Liab
**Sedgwick Claims Management Services, Inc.**
Direct 513.483.5161
Email Megan.DeBoy@sedgwickcms.com
www.sedgwick.com | The leader in innovative claims and productivity management solutions

---

**From:** Joel D. Groenewold [mailto:JDGroenewold@kopkalaw.com]
**Sent:** Monday, December 03, 2018 5:08 PM
**To:** Morris, Stephanie (stephanie.morris@kroger.com); DeBoy, Megan; Hughes, Jodi; Byron, Thomas; Hayworth, Janice
**Cc:** Brown, Nathan H (nathan.brown@kroger.com); jay.chung@kroger.com; Johnson, Vic
**Subject:** Matter #:; 60 - ; Claim #::

Everyone:

Here is a copy of the newly filed complaint against Roundy's d/b/a Mariano's. Please advise me when service is perfected via CSC. Thanks!

Joel

**Joel D. Groenewold** | shareholder



**KOPKA PINKUS DOLIN PC**
200 West Adams, Suite 1200
Chicago, IL 60606
**T:** 312.782.9920 x 309 | **F:** 312.782.9965
**Direct:** 312.704.5162 | **Cell:** 312.203.4881

Offices in Illinois, Indiana, Kentucky and Michigan

website | vCard | map | email

60/Affidavit (Roundy's cases)/JDG/lc

## <u>AFFIDAVIT</u>

The undersigned, being first duly sworn and cautioned, hereby state that if I were called to testify in this matter, I would competently testify as follows:

1.     I am over the age of 18 and am under no legal disability which would prohibit me from testifying in this matter.

2.     My name is Stephanie Morris, and I am a paralegal for insured litigation for The Kroger Co.

3.     Roundy's Illinois, LLC is a limited liability corporation organized in the State of Wisconsin and is therefore a Wisconsin corporation.

4.     The sole member of Roundy's Illinois, LLC is Roundy's Supermarkets, Inc., which is a Wisconsin corporation organized under the laws of the State of Wisconsin.

5.     Attached hereto is a true and correct copy of Roundy's Illinois, LLC's certification as a Wisconsin LLC.

6.     The Kroger Co. is the parent corporation for Roundy's Supermarkets, Inc.

7.     The affiant states nothing further.

_____
Stephanie Morris

Subscribed and sworn to before me this 16 day of October , 20 18 .

_____
Notary Public

Kimberly J. Rasnake
Notary Public, State of Ohio
My Commission Expires 09-13-2019



United States of America

State of Wisconsin

## DEPARTMENT OF FINANCIAL INSTITUTIONS

Division of Corporate & Consumer Services



To All to Whom These Presents Shall Come, Greeting:

I, Mary Ann McCoshen, Administrator of the Division of Corporate and Consumer Services, Department of Financial Institutions, do hereby certify that

### ROUNDY'S ILLINOIS, LLC

is a domestic corporation or a domestic limited liability company organized under the laws of this state and that its date of incorporation or organization is December 29, 2007.

I further certify that said corporation or limited liability company has, within its most recently completed report year, filed an annual report required under ss. 180.1622, 180.1921, 181.1622 or 183.0120 Wis. Stats., and that it has not filed articles of dissolution.



IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed the official seal of the Department on September 26, 2018.

MARY ANN MCCOSHEN, Administrator
Division of Corporate and Consumer Services
Department of Financial Institutions

DFI/Corp/33

**To validate the authenticity of this certificate**

Visit this web address: http://www.wdfi.org/apps/ccs/verify/

Enter this code: **228625-9F3D490F**


CSC

# Notice of Service of Process

null / ALL
Transmittal Number: 19056402
Date Processed: 12/05/2018

**Primary Contact:**  Venessa C. Wickline Gribble
The Kroger Co.
1014 Vine Street
Cincinnati, OH 45202-1100

**Electronic copy provided to:**  Traci Murphy

| | |
|---|---|
| **Entity:** | Roundy's Illinois, LLC<br>Entity ID Number 2845295 |
| **Entity Served:** | Roundy's Illinois, LLC |
| **Title of Action:** | Carol Davis vs. Roundy's Illinois, LLC d/b/a Mariano's |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Personal Injury |
| **Court/Agency:** | Circuit Court of Cook County, IL |
| **Case/Reference No:** | 2018L012568 |
| **Jurisdiction Served:** | Illinois |
| **Date Served on CSC:** | 12/05/2018 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Michael R. Grieco<br>312-458-1000 |

**Notes:** Document was served with no page 14. All pages have been scanned.

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674  (888) 690-2882  |  sop@cscglobal.com


EXHIBIT
C

12-6-2018                    301785230470001                    6020181206014833