U.S. DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CAROL DAVIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 2018 CV 8264 |
| ) | |
| ROUNDY'S ILLINOIS, LLC, a foreign ) | |
| corporation d/b/a MARIANO'S, and ) | |
| FISNIK KRASNIQI, agent of ROUNDY'S ) | |
| ILLINOIS, LLC, ) | |
| ) | |
| Defendants. ) | |

### DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT AT LAW

NOW COMES the Defendant, ROUNDY'S ILLINOIS, LLC d/b/a MARIANO'S, incorrectly sued as ROUNDY'S ILLINOIS, LLC d/b/a MARIANO'S and FISNIK KRASNIQI, agent of ROUNDY'S ILLINOIS, LLC, by and through their attorneys, TARA A. RYNIEC and KOPKA PINKUS DOLIN, P.C., and for its Answer to Plaintiff's Complaint at Law, states as follows:

### FACTUAL ALLEGATIONS

1. On and before September 2, 2017 and all relevant times herein, Plaintiff CAROL DAVIS was a resident of Cook County, Illinois.

**ANSWER:** Upon information and belief, Defendant admits the allegations contained in Paragraph 1 of the Complaint.

2. On and before September 2, 2017 and all relevant times herein, Defendant ROUNDY'S ILLINOIS, LLC was a Foreign Corporation with retail grocery stores existing and doing business within Cook County, Illinois.

**ANSWER:** Defendant admits the allegations contained in Paragraph 2 of the Complaint.

3. On and before September 2, 2017, MARIANO'S (hereinafter "the premises") was located at 3857 South Martin Luther King Drive, Chicago, Illinois 60653.

**ANSWER:** Defendant admits the allegations contained in Paragraph 3 of the Complaint.

4. On and before September 2, 2017, Defendant FISNIK KRASNIQI was a resident of Cook County, Illinois.

**ANSWER:** Upon information and belief, Defendant admits the allegations contained in Paragraph 4 of the Complaint.

5. On and before September 2, 2017, Defendant FISNIK KRASNIQI was an employee of ROUNDY'S ILLINOIS, LLC.

**ANSWER:** Defendant admits the allegations contained in Paragraph 5 of the Complaint.

6. On and before September 2, 2017, Defendant FISNIK KRASNIQI was the actual agent of ROUNDY'S ILLINOIS, LLC.

**ANSWER:** Paragraph 6 of the Complaint contains a legal conclusion with respect to the term "actual agent" and without competent and sufficient evidence to support said legal conclusions, Defendant is unable to admit or deny said allegations and therefore, Defendant denies the same and demands strict proof thereof.

7. On and before September 2, 2017, Defendant FISNIK KRASNIQI was the apparent agent of ROUNDY'S ILLINOIS, LLC.

**ANSWER:** Paragraph 7 of the Complaint contains a legal conclusion with respect to the term "apparent agent" and without competent and sufficient evidence to support said legal conclusions, Defendant is unable to admit or deny said allegations and therefore, Defendant denies the same and demands strict proof thereof.

8. On and before September 2, 2017, Defendant FISNIK KRASNIQI was the manager of the premises.

**ANSWER:** Upon information and belief, Defendant only admits that Fisnik Frasniqi was employed as a manager on September 2, 2017 and denies the remaining allegations contained in Paragraph 8 of the Complaint and demands strict proof thereof.

9. Upon information and belief, and at all relevant times, including on or about September 2, 2017 at approximately 11:00 A.M., Defendant, FISNIK KRASNIQI, was within the course and scope of his employment, agency and or servant relationship with the Defendant, ROUNDY'S ILLINOIS, LLC.

**ANSWER:** Paragraph 9 of the Complaint contains a legal conclusion with respect to the terms "course and scope of his employment, agency and/or servant relationship" and without competent and sufficient evidence to support said legal conclusions, Defendant denies the same and demands strict proof thereof.

10. On September 2, 2017, at the premises, Defendant, FISNIK KRASNIQI, conducted himself in such a manner as to cause members of the general public, including Plaintiff, CAROL DAVIS and other customers, to believe that he was an employee, agent, and/or servant of the Defendant, ROUNDY'S ILLINOIS, LLC.

**ANSWER:** Defendant has insufficient knowledge to admit or deny the allegations contained in Paragraph 10 of the Complaint and therefore, denies the same and demands strict proof thereof.

11. On September 2, 2017 and at all relevant times herein, Defendant, ROUNDY'S ILLINOIS, LLC, operated the premises, commonly known as MARIANO'S.

**ANSWER:** Defendant admits the allegations contained in Paragraph 11 of the Complaint.

12. On September 2, 2017 and at all relevant times herein, Defendant, ROUNDY'S ILLINOIS, LLC, managed the premises commonly known as MARIANO'S.

**ANSWER:** Defendant admits the allegations contained in Paragraph 12 of the Complaint

13. On September 2, 2017 and at all relevant times herein, Defendant, ROUNDY'S ILLINOIS, LLC. maintained the premises commonly known as MARIANO'S.

**ANSWER:** Defendant admits the allegations contained in Paragraph 13 of the Complaint.

14. On September 2, 2017 and at all relevant times herein, Defendant, ROUNDY'S ILLINOIS, LLC controlled the premises commonly known as MARIANO'S.

**ANSWER:** Paragraph 14 of the Complaint contains a legal conclusion as to the term "controlled" and without competent and sufficient evidence to support said legal conclusions, Defendant is unable to admit or deny said allegations and therefore, denies the same and demands strict proof thereof.

15. On September 2, 2017 and at all relevant times herein, the premises commonly known as MARIANO'S was open for business to the general public.

**ANSWER:** Upon information and belief, Defendant admits the allegations contained in Paragraph 15 of the Complaint.

16. On September 2, 2017 and at all relevant times herein, there existed a liquid or foreign substance, including but not limited to water, on the floor of the premises commonly known as MARIANO'S near a display of flowers for sale.

**ANSWER:** Defendant denies the allegations contained in Paragraph 16 of the Complaint.

17. On September 2, 2017 and at all relevant times herein, said liquid or foreign substance, including but not limited to water, existed near a display of flowers in a pathway used by customers of the premises commonly known as MARIANO'S.

**ANSWER:** Defendant denies the allegations contained in Paragraph 17 of the Complaint.

18. On September 2, 2017, at the premises commonly known as MARIANO'S, said liquid or foreign substance, including but not limited to water, came to exist on the floor.

**ANSWER:** Defendant denies the allegations contained in Paragraph 18 of the Complaint.

19. On September 2, 2017, an employee, agent and/or servant of Defendant ROUNDY'S ILLINOIS, LLC, did not prevent the liquid or foreign substance, including but not limited to water, from existing on the floor.

**ANSWER:** Defendant denies the allegations contained in Paragraph 19 of the Complaint.

20. On September 2, 2017, an employee, agent and/or servant of Defendant ROUNDY'S ILLINOIS, LLC did not warn customers of the liquid or foreign substance, including but not limited to water, on the floor.

**ANSWER:** Defendant denies the allegations contained in Paragraph 20 of the Complaint.

21. On September 2, 2017, an employee, agent and/or servant of ROUNDY'S ILLINOIS, LLC did not place signs near said liquid or foreign substance, including but not limited to water, on the floor.

**ANSWER:** Defendant denies the allegations contained in Paragraph 21 of the Complaint.

22. On September 2, 2017, an employee, agent and/or servant of Defendant ROUNDY'S ILLINOIS, LLC, did not place barricades near said liquid or foreign substance, including but not limited to water, on the floor to prevent customers from slipping.

**ANSWER:** Defendant denies the allegations contained in Paragraph 22 of the Complaint.

23. On the morning of September 2, 2017, Plaintiff CAROL DAVIS was a customer at the premises commonly known as MARIANO'S and was walking through aisle near the flower display.

**ANSWER:** Defendant has insufficient knowledge to admit or deny the allegations contained in Paragraph 23 of the Complaint and therefore, Defendant denies the same and demands strict proof thereof.

24. As Plaintiff CAROL DAVIS walked through the aisle of the premises commonly known as MARIANO'S, Plaintiff CAROL DAVIS slipped on the aforementioned liquid or foreign substance, including but not limited to water, on the floor.

**ANSWER:** Defendant has insufficient knowledge to admit or deny the allegations contained in Paragraph 24 of the Complaint and therefore, Defendant denies the same and demands strict proof thereof.

25. As a result of slipping on the aforementioned liquid or foreign substance, including but not limited to water, on the floor, Plaintiff CAROL DAVIS fell and was injured.

**ANSWER:** Defendant denies the allegations contained in Paragraph 25 of the Complaint.

WHEREFORE, Defendant, ROUNDY'S ILLINOIS, LLC, d/b/a Mariano's, respectfully requests that this Court enter a judgment in its favor and against Plaintiff, CAROL DAVIS, and that the Defendant be awarded its costs and any other relief that this Court deems fit and just under the circumstances.

## Count I-Negligence
### *CAROL DAVIS* v. *ROUNDY'S ILLINOIS, LLC, d/b/a MARIANO'S*

26. Plaintiff CAROL DAVIS re-alleges and incorporates all receding paragraphs herein.

**ANSWER:** Defendant re-states and re-incorporates its answers to Paragraphs 1 through 25 as its Answers to Paragraphs 1 through 25 of Count I of the Complaint as though fully set forth herein.

27. At the aforesaid time and place, and all relevant times herein, Defendant, ROUNDY'S ILLINOIS, LLC, owned, operated, maintained, managed, and/or controlled the premises.

**ANSWER:** Defendant admits the allegations contained in Paragraph 27 of the Complaint, but further states that it is unable to admit or deny the allegations pertaining to the term "controlled" as it calls for a legal conclusion and without competent and sufficient evidence to support said legal conclusion, Defendant is unable to admit or deny those allegations and therefore, denies the same and demands strict proof thereof.

28. At the aforesaid time and place, and all relevant times herein, Defendant ROUNDY'S ILLINOIS, LLC, was authorized to do business in the state of Illinois and through their representative agents or employees engaged in the operation of a retail business on the premises, which required the presence of business invitees on the premises, including the Plaintiff CAROL DAVIS.

**ANSWER:** Defendant admits the allegations contained in Paragraph 28 of the Complaint, but further states that it is unable to admit or deny the allegations pertaining to the terms "representative agents" and "business invitees" as those terms call for a legal conclusion and without competent and sufficient evidence to support said legal conclusions, Defendant is unable to admit or deny those allegations and therefore, denies the same and demands strict proof thereof.

29. At the aforesaid time and place, Plaintiff, CAROL DAVIS, was an invitee, lawfully on the premises.

**ANSWER:** Defendant has insufficient knowledge to admit or deny said allegations contained in Paragraph 29 of the Complaint and therefore, denies the same and demands strict proof thereof.

30. At all relevant times herein, Plaintiff, CAROL DAVIS, was in the exercise of ordinary care for her own safety.

**ANSWER:** Defendant has insufficient knowledge to admit or deny said allegations contained in Paragraph 30 of the Complaint and therefore, denies the same and demands strict proof thereof.

31. On September 2, 2017 and at the aforementioned location, a liquid or foreign substance, including but not limited to water, was present on the floor of the premises near a display of flowers.

**ANSWER:** Defendant denies the allegations contained in Paragraph 31 of the Complaint.

32. On September 2, 2017 and at the aforementioned location, Defendant, ROUNDY'S ILLINOIS, LLC by and through its employees, agents and/or servants, knew or should have known that the aforementioned debris or foreign substance was present on the floor of their premises.

**ANSWER:** Defendant denies the allegations contained in Paragraph 32 of the Complaint.

33. On September 2, 2017 and at the aforementioned location, Defendant, ROUNDY'S ILLINOIS, LLC, by and through its employees, agents and/or servants, knew or should have known that the aforementioned liquid or foreign substance was present on the floor of their premises and was in the pathway of its invitees.

**ANSWER:** Defendant denies the allegations contained in Paragraph 33 of the Complaint.

34. On September 2, 2017 and at the aforementioned location, Defendant, ROUNDY'S ILLINOIS, LLC by and through its employees, agents and/or servants,

despite having knowledge that the aforementioned liquid or foreign substance was present on the floor and in the pathway of its invitees, failed to remove said liquid from the floor.

**ANSWER:** Defendant denies the allegations contained in Paragraph 34 of the Complaint.

35. On September 2, 2017 and at the aforementioned location, Defendant, ROUNDY'S ILLINOIS, LLC by and through its employees, agents and/or servants, despite having knowledge that the aforementioned debris or foreign substance was present on the floor, failed to warn invitees of the presence of the aforementioned liquid or foreign substance on the floor.

**ANSWER:** Defendant denies the allegations in Paragraph 35 of the Complaint.

36. At the time and place aforesaid, Defendant, ROUNDY'S ILLINOIS, LLC had a duty to manage, maintain, and control said premises in such a manner as to avoid injury to invitees lawfully on the premises, including CAROL DAVIS.

**ANSWER:** Defendant only admits those duties imposed by law and denies that those duties have been properly plead in Paragraph 36 of the Complaint. To the extent that there was a duty owed, Defendant states that it complied with all legal duties.

37. At the time and place aforesaid, and at all times relevant hereto, and after receiving the aforementioned notice, Defendant, ROUNDY'S ILLINOIS, LLC, as owner and/or occupier of the premises, had a duty to exercise ordinary care to see that the property was reasonably safe for the use of those lawfully on the property.

**ANSWER:** Defendant only admits those duties imposed by law and denies that those duties have been properly plead in Paragraph 37 of the Complaint. To the extent that there was a duty owed, Defendant states that it complied with all legal duties.

38. At the time and place aforesaid, and at all times relevant hereto, Defendant ROUNDY'S ILLINOIS, LLC as owner and/or occupier of the premises, had a duty to exercise ordinary care to not pose a danger of injury to said invitees, including Plaintiff CAROL DAVIS.

**ANSWER:** Defendant only admits those duties imposed by law and denies that those duties have been properly plead in Paragraph 38 of the Complaint. To the extent that there was a duty owed, Defendant states that it complied with all legal duties.

39. Notwithstanding said duty, Defendant ROUNDY'S ILLINOIS, LLC by and through its agents, employees, and/or servants, committed one or more of the following acts and/or omissions:

   a. Improperly positioned the floral section next to the check-out aisle of said grocery store;

    b.    Spilled water on the tile floor at the entrance of said grocery store;

    c.    Poured water in a floral display that leaked onto the adjacent flooring;

    d.    Failed to create a policy or procedure that would prevent agents/employees from improperly placing the floral section;

    e.    Failed to safely design layout of said grocery store;

    f.    Failed to appreciate that spilling water on the floor would cause a hazardous condition;

    g.    Failed to call for professional medical assistance following a slip and fall;

    h.    Failed to provide any mats, runners, and/or other non-slip lining next to the floral section at the entrance of said grocery store;

    i.    Failed to remove a liquid or foreign substance, including but not limited to water that they knew, or in the exercise of ordinary care, should have known would create a slip hazard to invitees and other persons, including Plaintiff CAROL DAVIS;

    j.    Failed to properly warn and/or notify properly warn and/or notify invitees of a dangerous condition present on its pathway when they knew or, in the exercise of ordinary care, should have known that invitees or other persons would not have knowledge of said dangerous condition and knew that there was a liquid or foreign substance, including but not limited to water in said pathway which created a slip hazard for Plaintiff CAROL DAVIS;

    k.    Failed to place signs notifying invitees such as Plaintiff, CAROL DAVIS, of the dangerous condition, the water on the floor which was present in her pathway even though they knew or, in the exercise of ordinary care, should have known that invitees or other persons, including Plaintiff, would not have knowledge of said dangerous condition, thereby creating a hazard for Plaintiff; and/or

    l.    Failed to instruct employees, agents and contractors to properly and adequately maintain its floors and aisles for use by invitees; and/or

    m.    Failed to properly inspect the premises.

**ANSWER:**    Defendant denies the allegations contained in Paragraph 39 of the Complaint, including sub-paragraphs (a) through (m), inclusively.

40. At the aforesaid time and place, as a result of one or more of the above acts and/or omissions, Plaintiff, CAROL DAVIS, was caused to fall on the aforementioned liquid or foreign substance, including but not limited to water and suffered significant injuries and resulting damages.

**ANSWER:** Defendant has insufficient knowledge to admit or deny the allegations contained in Paragraph 40 of the Complaint and therefore, Defendant denies the same and demands strict proof thereof.

41. At the aforesaid time and place, Plaintiff, CAROL DAVIS, was seriously injured.

**ANSWER:** Defendant denies the allegations contained in Paragraph 41 of the Complaint.

42. The aforesaid injuries sustained by Plaintiff, CAROL DAVIS, were a direct and proximate result of one or more of the aforesaid acts and/or omissions of the Defendant, ROUNDY'S ILLINOIS, LLC, by and through its duly authorized agents, employees, contractors, and/or servants.

**ANSWER:** Defendant denies the allegations contained in Paragraph 42 of the Complaint.

43. As a further direct and proximate result of one or more of the foregoing acts and/or omissions, Plaintiff, CAROL DAVIS, suffered severe and permanent injuries, both internally and externally; and as a consequence thereof, Plaintiff has suffered and will continue a to suffer great pain and mental anguish and loss of a normal life; that in addition thereto, Plaintiff has incurred and will in the future incur reasonable and necessary medical expenses in endearing to treat of said injuries; and that Plaintiff has and will suffer from disability and disfigurement, and has otherwise been damaged in a pecuniary way.

**ANSWER:** Defendant denies the allegations contained in Paragraph 43 of the Complaint.

WHEREFORE, Defendant, ROUNDY'S ILLINOIS, LLC, d/b/a Mariano's, respectfully requests that this Court enter a judgment in its favor and against Plaintiff, CAROL DAVIS, and that the Defendant be awarded its costs and any other relief that this Court deems fit and just under the circumstances.

### Count II-Premises Liability
*CAROL DAVIS v. ROUNDY'S ILLINOIS, LLC, d/b/a MARIANO'S*

44. Plaintiff incorporates by reference all preceding paragraphs.

**ANSWER:** Defendant re-states and re-incorporates its answers to Paragraphs 1 through 43 as its Answers to Paragraphs 1 through 43 of Count II of the Complaint as though fully set forth herein.

45. At all times stated herein, it was the duty of the Defendant, ROUNDY'S ILLINOIS, LLC, as owner, occupier and/or manager of the premises, by and through its agents, employees and/or servants, to exercise ordinary care so that the premises were in a reasonably safe condition so as not to cause injury to individuals, including Plaintiff, CAROL DAVIS, lawfully on said premises.

**ANSWER:** Defendant only admits those duties imposed by law and denies that those duties have been properly plead in Paragraph 38 of the Complaint. To the extent that there was a duty owed, Defendant states that it complied with all legal duties.

46. Notwithstanding said duty, on the aforesaid date and at said place, Defendant, ROUNDY'S ILLINOIS, LLC, by and through its duly authorized agents, employees, and/or servants, committed one or more of the following acts and/or omissions:

a. Allowed a dangerous condition to exist in the pathway of their store by failing to remove a liquid or foreign substance, including but not limited to water on the floor even though they knew, or in the exercise of ordinary care, should have known that the same created a hazard to invitees and other persons, including Plaintiff, CAROL DAVIS;

b. Allowed a dangerous condition to exist by failing to provide a reasonably safe pathway for invitees such as Plaintiff, CAROL DAVIS, by failing to remove the liquid or foreign substance, including but not limited to water, even though they knew or, in the exercise of ordinary care, should have known that invitees and other persons, including Plaintiff, would be using said pathway and knew that it would thereby create a hazard for Plaintiff;

c. Allowed a dangerous condition to exist by failing to properly warn and/or notify invitees such as Plaintiff, CAROL DAVIS, of the dangerous condition, the liquid or foreign substance, including but not limited to water, on the floor which was present in her pathway even though they knew or, in the exercise of ordinary care, should have known that invitees or other persons, including Plaintiff, would not have knowledge of said dangerous condition, thereby creating a hazard for Plaintiff;

d. Allowed a dangerous condition to exist by failing to place signs notifying invitees such as Plaintiff, CAROL DAVIS, of the dangerous condition, the liquid or foreign substance, including but not limited to water on the floor which was present in her pathway even though they knew or, in the exercise of ordinary care, should have known that invitees or other persons, including Plaintiff, would not have knowledge of said dangerous condition, thereby creating a hazard for Plaintiff;

e. Allowed a dangerous condition to exist by failing to place barricades near said liquid or foreign substance, including but not limited to water on the floor to prevent invitees such as Plaintiff, CAROL DAVIS, from slipping on the water

       which was present in her pathway even though they knew or, in the exercise of ordinary care, should have known that invitees or other persons, including Plaintiff, would not have knowledge of said dangerous condition, thereby creating a hazard for Plaintiff;

    f.    Failed to provide a safe means of ingress/egress to and from departments in their store, even though they knew or, in the exercise of ordinary care, should have known that invitees or other persons, including Plaintiff, CAROL DAVIS, would be using said pathway to access said departments and knew that there was a liquid or foreign substance, including but not limited to water in said pathway which created a hazard for Plaintiff; and

    g.    Was otherwise careless and/or negligent.

**ANSWER:** Defendant denies the allegations contained in Paragraph 46 of the Complaint, including sub-paragraphs (a) through (g), inclusively.

47. Defendant, ROUNDY'S ILLINOIS, LLC, is vicariously liable for the aforesaid careless and negligent acts and/or omissions of its employee and/or agents in causing said fall and injuries to CAROL DAVIS.

**ANSWER:** Paragraph 47 of the Complaint calls for a legal conclusion with respect to the terms "vicariously liable" and "agents in causing" without competent and sufficient evidence to support said legal conclusions, Defendant is unable to admit or deny said allegations and therefore, denies the same and demands strict proof thereof.

48. As a direct and proximate result of one or more of the foregoing acts and/or omissions, Plaintiff, CAROL DAVIS, was caused to be injured by the liquid or foreign substance, including but not limited to water, on the floor, and suffered significant injuries and resulting damages.

**ANSWER:** Defendant denies the allegations contained in Paragraph 48 of the Complaint.

49. As a direct and proximate result of one or more of the foregoing acts and/or omissions, Plaintiff, CAROL DAVIS, sustained injuries of a personal and pecuniary nature.

**ANSWER:** Defendant denies the allegations contained in Paragraph 49 of the Complaint.

50. As a further direct and proximate result of one or more of the foregoing acts and/or omissions, Plaintiff, CAROL DAVIS, suffered severe and permanent injuries, both internally and externally; and as a consequence thereof, Plaintiff has suffered and will continue to suffer great pain and mental anguish and loss of a normal life; that in addition thereto, Plaintiff has incurred and will in the future incur reasonable and necessary medical expenses in endearing to treat of said injuries; and that Plaintiff has and will

suffer from disability and disfigurement, and has otherwise been damaged in a pecuniary way.

**ANSWER:** Defendant denies the allegations contained in Paragraph 50 of the Complaint.

WHEREFORE, Defendant, ROUNDY'S ILLINOIS, LLC, d/b/a Mariano's, respectfully requests that this Court enter a judgment in its favor and against Plaintiff, CAROL DAVIS, and that the Defendant be awarded its costs and any other relief that this Court deems fit and just under the circumstances.

### Count III—Negligence
### CAROL DAVIS v. FISNIK KRASNIQI, agent of ROUNDY'S ILLINOIS, LLC

51. Plaintiff incorporates by reference all preceding paragraphs.

**ANSWER:** Defendant re-states and re-incorporates its answers to Paragraphs 1 through 50 as its Answers to Paragraphs 1 through 50 of Count III of the Complaint as though fully set forth herein.

52. At all times stated herein, Defendant, FISNIK KRASNIQI was the manager of said premises.

**ANSWER:** Upon information and belief, Defendant admits only that on September 2, 2017, Fisnik Krasniqi was employed by Defendant as a manager of said premises, but denies remaining allegations contained in Paragraph 52 of the Complaint and demands strict proof thereof.

53. At all times stated herein, it was the duty of the Defendant, FISNIK KRASNIQI, to ensure the safety of invitees, including Plaintiff, CAROL DAVIS.

**ANSWER:** Defendant only admits those duties imposed by law and denies that those duties have been properly plead in Paragraph 53 of the Complaint. To the extent that there was a duty owed, Defendant states that it complied with all legal duties.

54. At all times stated herein, it was the duty of the Defendant, FISNIK KRASNIQI, to exercise ordinary care so that the premises were in a reasonably safe condition so as not to cause injury to individuals, including Plaintiff, CAROL DAVIS, lawfully on said premises.

**ANSWER:** Defendant only admits those duties imposed by law and denies that those duties have been properly plead in Paragraph 54 of the Complaint. To the extent that there was a duty owed, Defendant states that it complied with all legal duties.

55. Notwithstanding said duty, on the aforesaid date and at said place, Defendant, FISNIK KRASNIQI, committed one or more of the following acts and/or omissions:

a. Improperly positioned the floral section next to the check-out aisle of said grocery store;

b. Spilled water on the tile floor at the entrance of said grocery store;

c. Poured water in a floral display that leaked onto the adjacent flooring;

d. Failed to create a policy or procedure that would prevent gents/employees from improperly placing the floral section;

e. Failed to safely design layout of said grocery store;

f. Failed to appreciate that spilling water on the floor would cause a hazardous condition;

g. Failed to call for professional medical assistance following a slip and fall;

h. Failed to provide any mats, runners, and/or other non-slip lining next to the floral section at the entrance of said grocery store;

i. Failed to remove a liquid or foreign substance, including but not limited to water that they knew, or in the exercise of ordinary care, should have known would create a slip hazard to invitees and other persons, including Plaintiff CAROL DAVIS;

j. Failed to properly warn and/or notify properly warn and/or notify invitees of a dangerous condition present on its pathway when they knew or, in the exercise of ordinary care, should have known that invitees or other persons would not have knowledge of said dangerous condition and knew that there was a liquid or foreign substance, including but not limited to water in said pathway which created a slip hazard for Plaintiff CAROL DAVIS;

k. Failed to place signs notifying invitees such as Plaintiff, CAROL DAVIS, of the dangerous condition, the water on the floor which was present in her pathway even though they knew or, in the exercise of ordinary care, should have known that invitees or other persons, including Plaintiff, would not have knowledge of said dangerous condition, thereby creating a hazard for Plaintiff; and/or

l. Failed to instruct employees, agents and contractors to properly and adequately maintain its floors and aisles for use by invitees; and/or

m. Failed to properly inspect the premises.

**ANSWER:** Defendant denies the allegations contained in Paragraph 55 of the Complaint, including sub-paragraphs (a) through (m), inclusively.

56. Defendant, ROUNDY'S ILLINOIS, LLC. is vicariously liable for the aforesaid careless and negligent acts and/or omissions of its employee and/or agent, the Defendant, FISNIK KRASNIQI, in causing said fall and injuries to CAROL DAVIS.

**ANSWER:** Paragraph 56 of the Complaint calls for a legal conclusion with respect to the terms "vicariously liable" and "agent in causing" and without competent and sufficient evidence to support said legal conclusions, Defendant is unable to admit or deny said allegations and therefore, denies the same and demands strict proof thereof.

57. As a direct and proximate result of one or more of the foregoing acts and/or omissions, Plaintiff, CAROL DAVIS, was caused to be injured by the liquid or foreign substance, including but not limited to water, on the floor, and suffered significant injuries and resulting damages.

**ANSWER:** Defendant denies the allegations contained in Paragraph 57 of the Complaint.

58. As a direct and proximate result of one or more of the foregoing acts and/or omissions, Plaintiff, CAROL DAVIS, sustained injuries of a personal and pecuniary nature.

**ANSWER:** Defendant denies the allegations contained in Paragraph 58 of the Complaint.

59. As a further direct and proximate result of one or more of the foregoing acts and/or omissions, Plaintiff, CAROL DAVIS, suffered severe and permanent injuries, both internally and externally; and as a consequence thereof, Plaintiff has suffered and will continue to suffer great pain and mental anguish and loss of a normal life; that in addition thereto, Plaintiff has incurred and will in the future incur reasonable and necessary medical expenses in endearing to treat of said injuries; and that Plaintiff has and will suffer from disability and disfigurement, and has otherwise been damaged in a pecuniary way.

**ANSWER:** Defendant denies the allegations contained in Paragraph 59 of the Complaint.

WHEREFORE, Defendant, ROUNDY'S ILLINOIS, LLC, d/b/a Mariano's, respectfully requests that this Court enter a judgment in its favor and against Plaintiff, CAROL DAVIS, and that the Defendant be awarded its costs and any other relief that this Court deems fit and just under the circumstances.

## **AFFIRMATIVE DEFENSES**

NOW COMES the Defendant, ROUNDY'S ILLINOIS, LLC d/b/a MARIANO'S, incorrectly sued as ROUNDY'S ILLINOIS, LLC d/b/a MARIANO'S and FISNIK KRASNIQI,

agent of ROUNDY'S ILLINOIS, LLC, by and through its attorneys, TARA A. RYNIEC and KOPKA PINKUS DOLIN, P.C., and alternatively pleads the following Affirmative Defenses to Plaintiff's Complaint at Law:

1. Plaintiff alleges in her Complaint that on September 2, 2017 she slipped and fell on liquid or a foreign substance on the floor at or near the flower display at the MARIANO'S located at 3857 South Martin Luther King Drive in the City of Chicago, County of Cool, State of Illinois (hereinafter "the premises").

2. Defendant denies and continues to deny all material allegations of negligence and pleads the following affirmative defenses in the alternative.

3. That on or about September 2, 2017, Plaintiff, CAROL DAVIS, had a duty to act in an ordinary and reasonable manner for her own safety.

4. That in breach of that duty, Plaintiff, CAROL DAVIS, was then and there guilty of one or more of the following careless acts or omissions:

   a. Failed to keep a proper and adequate lookout for conditions upon the area where she was walking;

   b. Failed to take appropriate precautions for her own safety while walking;

   c. Failed, because of inattentiveness, to observe an open and obvious condition in the area she was walking; and

   d. Was otherwise careless and negligent.

5. That as a direct and proximate result of one or more of the foregoing careless and negligent acts or omissions, Plaintiff, CAROL DAVIS, allegedly suffered injuries of a personal and pecuniary nature.

6. That if judgment is entered in favor of Plaintiff, CAROL DAVIS, and against Defendant, ROUNDY'S ILLINOIS, LLC d/b/a MARIANO'S, and Defendant is entitled to a reduction of damages based on the percentage of fault attributable to Plaintiff, CAROL DAVIS, and if that percentage of fault is determined to be 50% or more, then Defendant is entitled to judgment in its favor.

WHEREFORE, defendant, ROUNDY'S ILLINOIS, LLC d/b/a MARIANO'SROUNDY'S ILLINOIS, LLC d/b/a MARIANO'S and FISNIK KRASNIQI, agent of ROUNDY'S ILLINOIS, LLC, requests that if a verdict is entered on behalf of Plaintiff, CAROL DAVIS, and against Defendant, that said verdict be reduced by the percentage of fault attributable Plaintiff, CAROL DAVIS, in causing her own injuries, and if Plaintiff's contributory fault is more than 50%, then any recovery by Plaintiff is barred.

## **SECOND AFFIRMATIVE DEFENSE**

The Defendant had no notice of any alleged defect which Plaintiff alleges in her Complaint that caused her injuries. There is no actual or constructive notice to Defendant of any alleged defect in the store where Plaintiff allegedly was injured.

## **THIRD AFFIRMATIVE DEFENSE**

The alleged defect of which Plaintiff complains is open and obvious and Defendant therefore had no duty to warn Plaintiff of any such alleged defect.

Respectfully submitted,

*/s/Tara Ryniec*
One of the Attorneys for Defendants

Tara A. Ryniec, Esq.
KOPKA PINKUS DOLIN PC
200 West Adams Street, Suite 1200
Chicago, Illinois 60606
312-782-9920
Email: taryniec@kopkalaw.com
Firm No. 62451

## CERTIFICATE OF SERVICE

I, Tara Ryniec, certify that I electronically filed the attached Defendant's Answer and Affirmative Defenses to Plaintiff's Complaint at Law with the Clerk of the Court using the CM/ECF system on March 12, 2019. Pursuant to FED.R.CIV.P. 5(b)(3) and the Northern District of Illinois' LR 5.9, I have thereby electronically served all Filing Users with a copy of the Answer.

By:    /s/Tara Ryniec
         One of the Attorneys for Defendants

Tara A. Ryniec, Esq.
KOPKA PINKUS DOLIN PC
200 West Adams Street, Suite 1200
Chicago, Illinois 60606
312-782-9920
Email: taryniec@kopkalaw.com
Firm No. 62451